**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1040**

TIMOTHY OLSON,

                    Plaintiff - Appellant,

          v.

MIDLAND FUNDING, LLC; MIDLAND CREDIT MANAGEMENT, INC.; LYONS
DOUGHTY & VELDHUIS, P.C.,

                    Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Catherine C. Blake, District Judge.
(1:13-cv-01882-CCB)

Submitted:  June 27, 2014            Decided:  July 15, 2014

Before KING, GREGORY, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

E. David Hoskins, Max F. Brauer, THE LAW OFFICES OF E. DAVID
HOSKINS, LLC, Baltimore, Maryland, for Appellant.   James P.
Ulwick, Amy E. Askew, KRAMON & GRAHAM, P.A., Baltimore,
Maryland; Ronald S. Canter, LAW OFFICES OF RONALD S. CANTER,
LLC, Rockville, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Olson appeals the district court's order dismissing his complaint. In his complaint, Olson alleged that Midland Funding LLC ("Midland Funding"), Midland Credit Management, Inc. ("MCM"), and Lyons, Doughty, & Velhuis, P.C. ("LDV") (collectively "Defendants"), violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692-1692p, the Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law, § 14-201 to -204, and the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law, § 13-101 to -501 . Olson argues that the district court improperly dismissed the majority of his FDCPA claims as untimely and erroneously dismissed his remaining federal and state law claims for failure to state a claim. Finding no error, we affirm.

We review de novo a district court's order dismissing a complaint for failure to state a claim, assuming that all well-pleaded nonconclusory factual allegations in the complaint are true. Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011). In considering a Fed. R. Civ. P. 12(b)(6) motion, a court "may consider the complaint itself and any documents that are attached to it," CACI Int'l, Inc. v. St. Paul Fire & Marine Ins. Co., 566 F.3d 150, 154 (4th Cir. 2009), as well as a document attached to the Defendants' motion to dismiss "if [the document] was integral to and explicitly relied on in the

2

complaint and if the plaintiff[] do[es] not challenge its authenticity." Am. Chiropractic v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004) (internal alterations and quotation marks omitted). The district court here considered the privacy notices attached to Olson's complaint and the letter, state court complaint, affidavit of service, and state court docket attached to Defendants' motions to dismiss. Neither party has challenged this decision on appeal.

I.

A.

Olson first challenges the district court's conclusion that his FDCPA claims related to Defendants' state court debt collection lawsuit were untimely. A plaintiff must bring an action under the FDCPA within one year of the alleged violation. 15 U.S.C. § 1692k(d). Olson argues that the statute of limitations did not begin to run until August 22, 2012, when he appeared in state court and demanded a trial.

We disagree. Defendants filed the lawsuit in Maryland state court in December 2010. It is undisputed that Olson became aware of the lawsuit in December 2010, contacted LDV regarding the lawsuit throughout 2011, and participated in the action in April 2012. Additionally, Defendants effected substitute service at the address at which Olson requested

3

service in February 2012.[*] All of this occurred more than one year before Olson filed the complaint asserting his FDCPA claims in May 2013.

Alternatively, Olson contends that Defendants engaged in a continuing course of FDCPA violations, some of which occurred inside the one-year limitations period, and thus the limitations period was tolled for any violations outside that period. He has not plausibly alleged, however, any violations of the FDCPA that occurred within one year of the date he filed his claims. Accordingly, we hold that the district court did not err in concluding that Olson's FDCPA claims regarding the state court debt collection lawsuit were untimely.

B.

Next, Olson contends that MCM violated § 1692c(a)(2) by sending a privacy notice directly to him, knowing that he was represented by counsel. Olson first argues that the FDCPA bars any communication with a represented debtor once the debt collector has knowledge that the debtor has counsel. Even if

---

[*] Olson abandoned his arguments, not raised until his reply brief, that this service was not effective and that this Court may not substitute its judgment for that of the state court, which he alleges has already determined that service was not effective. A Helping Hand, LLC v. Balt. Cnty., 515 F.3d 356, 369 (4th Cir. 2008) ("It is a well settled rule that contentions not raised in the argument section of the opening brief are abandoned." (emphasis and internal quotation marks omitted)).

4

the FDCPA does not bar all communications, he contends that the privacy notice here was a communication "in connection with the collection of any debt," 15 U.S.C. § 1692c(a), and therefore within the FDCPA bar.

We need not address Olson's first argument, because we conclude that the privacy notice was not a prohibited communication under the FDCPA. In making this determination, we consider "the absence of a demand for payment," "[t]he nature of the parties' relationship," and the objective "purpose and context of the communication[]." Gburek v. Litton Loan Servicing LP, 614 F.3d 380, 385 (7th Cir. 2010); see also Grden v. Leiki Ingber & Winters PC, 643 F.3d 169, 173 (6th Cir. 2011) (adopting Gburek factors). Applying these factors, we hold that the privacy notice in the present case was not sent "in connection with the collection of any debt." While the only relationship between Olson and MCM was that of a debtor and debt collector, this relationship alone is not sufficient to plausibly assert that a communication devoid of any reference to Olson's outstanding debt is made in connection with an attempt to collect the debt. The website link provided in the communication does not transform the privacy notice into an attempt to induce payment. We therefore affirm the district court's conclusion that Olson failed to state a claim under the FDCPA.

II.

Finally, Olson argues that Defendants violated the MCDCA and the MCPA by filing the state court debt collection lawsuit without evidence to support the claim and by using a "scattershot" litigation strategy. The MCDCA prohibits "a debt collector . . . [from] claim[ing], attempt[ing], or threaten[ing] to enforce a right with knowledge that the right does not exist." Md. Code Ann., Com. Law § 14-202(8). Under Maryland law, a plaintiff must allege "that defendants acted with knowledge that the debt was invalid, or acted with reckless disregard as to its validity." Lembach v. Bierman, 528 F. App'x 297, 304 (4th Cir. 2013) (internal quotation marks omitted). A violation of the MCDCA is a per se violation of the MCPA. See Md. Code Ann., Com. Law § 13-301(14)(iii).

We conclude that Olson cannot plausibly allege that Defendants knew or should have known that Midland Funding did not have the right to file the state court debt collection lawsuit or to seek an affidavit judgment. Olson never alleged that he did not owe the debt or that Midland Funding did not own the debt. He has alleged only that Midland Funding failed to prove in the state court lawsuit Olson's indebtedness and Midland Funding's ownership of the debt. The fact that Midland Funding was ultimately denied an affidavit judgment does not establish that it knew or should have known at the time it filed

6

suit that it could not seek to collect the debt.  Cf. Heintz v. Jenkins, 514 U.S. 291, 296 (1995) ("[W]e do not see how the fact that a lawsuit turns out ultimately to be unsuccessful could, by itself, make the bringing of it an 'action that cannot legally be taken.'").  We therefore conclude that Olson failed to plausibly allege a violation of the MCDCA and, consequently, a violation of the MCPA.

## III.

Accordingly, we affirm the district court's order.  We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this Court and argument will not aid the decisional process.

AFFIRMED