*525 Affirmed by published opinion. Judge FLOYD wrote'the majority opinion, in which Judge THACKER joined. Judge DIAZ wrote a dissenting opinion.
FLOYD, Circuit Judge:
Appellants Kimberly Adkins and Chaille Dubois filed separate Chapter 13 bankruptcy petitions in the Bankruptcy Court for the District of Maryland. Appellee Atlas Acquisitions LLC (Atlas) filed proofs of claim in their bankruptcy cases based on debts that were barred by Maryland’s statute of limitations.[1] The issue on appeal is whether Atlas violated the Fair Debt Collection Practices Act (FDCPA) by filing proofs of claim based on time-barred debts. We hold that Atlas’s conduct does not violate the FDCPA, and affirm the bankruptcy court’s dismissal of Appellants’ FDCPA claims and related state law claim.
I.
The facts of Appellants’ cases are similar. Adkins filed for Chapter 13 bankruptcy on August 29, 2014. Atlas filed two proofs of claim in her case. The first proof of claim indicated that Adkins owed Atlas $184.62 based on a loan that originated with payday lender Check N Go and that Atlas purchased from Elite Enterprise Services, LLC (Elite Enterprise) on September 15, 2014.[2] The proof of claim identified the last transaction date on the account as May 19, 2009. Atlas’s second proof of claim was for $390.00 based on a loan that originated with payday lender Impact Cash USA and that Atlas purchased from Elite Enterprise on November 18, 2014. The proof of claim identified the last transaction date on that account as September 10, 2009. It is undisputed that both debts were beyond Maryland’s three-year statute of limitations when Atlas purchased and attempted to assert the debts in Adkins’s bankruptcy case. See Md. Code Ann., Cts. & Jud. Proc. § 5-101. Adkins neither listed the debts on her bankruptcy schedules nor sent a notice of bankruptcy to Atlas.
Dubois filed for Chapter 13 bankruptcy on December 6, 2014. Atlas filed a proof of claim for $135.00 based on a loan that originated with payday lender Iadvance and that Atlas purchased from Elite Enterprise on January 5, 2015. The proof of claim identified the last transaction date on the account as October 18, 2008. It is undisputed that this debt was also beyond Maryland’s statute of limitations when Atlas purchased and attempted to assert the debt in Dubois’s bankruptcy case. Dubois did not list the debt on her bankruptcy schedules nor did she send a notice of bankruptcy to Atlas. •
Adkins and Dubois filed separate adversary complaints against Atlas. Both objected to Atlas’s claims as being time-barred and further alleged that Atlas violated the FDCPA by filing proofs of claim on stale debts. Appellants sought disallowance of Atlas’s claims as well as damages, attorney’s fees, and costs under the FDCPA.[3]
*526 Atlas conceded that its claims were based on time-barred debts and stipulated to their disallowance. However, Atlas moved to dismiss Appellants’ FDCPA claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. See Fed. R. Bankr. P. 7012(b) (incorporating Rule 12(b)(6) into adversary proceedings). After hearing consolidated oral arguments, the bankruptcy court concluded that filing a proof of claim does not constitute debt collection activity within the meaning of the FDCPA and granted Atlas’s motion to dismiss. Pursuant 28 U.S.C. § 158(d)(2), we permitted Appellants to appeal the bankruptcy court’s decision directly to this Court. We review the bankruptcy court’s dismissal of Appellants’ claims under Rule 12(b)(6) de novo. See, e.g., In re Mwangi, 764 F.3d 1168, 1173 (9th Cir. 2014); In re McKenzie, 716 F.3d 404, 412 (6th Cir. 2013).
II.
Before addressing the substance of Appellants’ claims, we provide a brief overview of the relevant statutes in this case: the Bankruptcy Code (the “Code”) and the FDCPA.
A.
“The principal purpose of the Bankruptcy Code is to grant a ‘fresh start’ to the ‘honest but unfortunate debtor.’ ” Marrama v. Citizens Bank, 549 U.S. 365, 367, 127 S.Ct. 1105, 166 L.Ed.2d 956 (2007) (quoting Grogan v. Garner, 498 U.S. 279, 286, 287, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)). Through bankruptcy, the debtor’s assets are collected for equitable distribution among creditors and his remaining debts are discharged. See Covert v. LVNV Funding, LLC, 779 F.3d 242, 248 (4th Cir. 2015); In re Jahrling, 816 F.3d 921, 924 (7th Cir. 2016). A bankruptcy debtor must file with the bankruptcy court a list of creditors, a schedule of assets and liabilities, and a statement of the debtor’s financial affairs. 11 U.S.C. § 521(a)(1). “[B]eing all-inclusive on the schedules is consistent with the Code’s principle of honest and full disclosure.” In re Vaughn, 536 B.R. 670, 676 (Bankr. D.S.C. 2015). Scheduling a debt notifies the creditor of the bankruptcy and of the creditor’s opportunity to file a proof of claim asserting a right to payment against the debtor’s estate. See id. at 679; 11 U.S.C. § 501(a).
The bankruptcy court may “allow” or “disallow” claims from sharing in the distribution of the bankruptcy estate. 11 U.S.C. § 502. In Chapter 13 proceedings, allowed claims dre typically paid, either in whole or in part, out of the debtor’s future earnings pursuant to a repayment plan proposed by the debtor and confirmed by the bankruptcy court. See id. § 1322(a)(1); 4-501 Collier on Bankruptcy ¶ 501.01 (Collier). Upon completion of all payments under the plan, the bankruptcy court “grant[s] the debtor a discharge of all debts provided for by the plan or disallowed.” 11 U.S.C. § 1328(a). Thus, at the end of the process the debtor receives the “fresh start” contemplated by the Bankruptcy Code.
B.
Congress enacted the FDCPA to eliminate abusive debt collection practices and to ensure that debt collectors who refrain from such practices are not competitively disadvantaged. 15 U.S.C. § 1692(a), (e). The FDCPA regulates the conduct of “debt collectors,” defined to include “any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or assert *527 ed to be owed or due another.” Id. § 1692a(6). Among other things, the FDCPA prohibits debt collectors from using “any false, deceptive, or misleading representation or means in connection with the collection of any debt,” and from using “unfair or unconscionable means to collect or attempt to collect any debt.” Id. §§ 1692e-1692f. The statute provides a non-exhaustive list of conduct that is deceptive or unfair (e.g., falsely implying that the debt collector is affiliated with the United States, id. § 1692e(l)). Debt collectors who violate the FDCPA are liable for actual damages, statutory damages of up to $1,000, and attorney’s fees and costs. See id. § 1692k(a).
C.
Federal courts have consistently held that a debt collector violates the FDCPA by filing a'lawsuit or threatening to file a lawsuit to collect a time-barred debt. See Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1259-60 (11th Cir. 2014) (collecting cases), cert. denied, — U.S.-, 135 S.Ct. 1844, 191 L.Ed.2d 724 (2015). Appellants contend that filing a proof of claim on a time-barred debt in a bankruptcy proceeding similarly violates the FDCPA. Atlas counters that fifing a proof of claim is not debt collection activity and is therefore not subject to the FDCPA. Alas further argues that, even if the FDCPA applies, fifing a proof of claim on a time-barred debt does not violate its provisions. These arguments are addressed in turn.
III.
Atlas does not dispute that it is a debt collector but argues that fifing a proof of claim does not constitute debt collection activity regulated by the FDCPA. See 15 U.S.C. § 1692e (prohibiting deceptive or misleading representations “in connection with the collection of any debt”); id. § 1692f (prohibiting unfair or unconscionable means “to collect or attempt to collect any debt”). Instead, Atlas contends that a proof of claim is merely a “request to participate in the bankruptcy process.” Ap-pellee’s Br. 20.
Determining whether a communication constitutes an attempt to collect a debt is a “commonsense inquiry” that evaluates the “nature of the parties’ relationship,” the “[objective] purpose and context of the communication! ],” and whether the communication includes a demand for payment. Gburek v. Litton Loan Servicing LP, 614 F.3d 380, 385 (7th Cir. 2010); see also Olson v. Midland Funding, LLC, 578 Fed.Appx. 248, 251 (4th Cir. 2014) (citing Gburek factors approvingly). Here, the “only relationship between [the parties] [is] that of a debtor and debt collector.” Olson, 578 Fed.Appx. at 251. Moreover, the “animating purpose” in fifing a proof of claim is to obtain payment by sharing in the distribution of the debtor’s bankruptcy estate. See Grden v. Leikin Ingber & Winters PC, 643 F.3d 169, 173 (6th Cir. 2011); 4-501 Collier ¶ 501.01. This fits squarely within the Supreme Court’s understanding of debt collection for purposes of the FDCPA. See Heintz v. Jenkins, 514 U.S. 291, 294, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995) (explaining that in ordinary English, an attempt to “collect a debt” is an attempt “to obtain payment or liquidation of it, either by personal solicitation or legal proceedings” (quoting Black’s Law Dictionary 263 (6th ed. 1990))). Precedent and common sense dictate that fifing a proof of claim is an attempt to collect a debt. The absence of an explicit demand for payment does not alter that conclusion, Gburek, 614 F.3d at 382, nor does the fact that the bankruptcy court may ultimately disallow the claim.
Atlas argues that treating a proof of claim as an attempt to collect a debt would conflict with the Bankruptcy Code’s automatic stay provision. The automatic stay provides that fifing a bankruptcy peti *528 tion “operates as a stay” of “any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case.” 11 U.S.C. § 362(a)(6). Atlas argues that if filing a proof of claim were an act to collect debt, then such filing would violate the automatic stay, “an absurd result.” Appellee’s Br. 21.
Atlas’s quandary is easily resolved as the automatic stay simply bars actions to collect debt outside of the bankruptcy proceeding. See, e.g., Cent. States, Se. & Sw. Areas Pension Fund v. Basic Am. Indus., Inc., 252 F.3d 911, 918 (7th Cir. 2001) (“ ‘[Demanding’ payment from a debtor in bankruptcy other than in the bankruptcy proceeding itself is normally a violation of the automatic stay”); Campbell v. Countrywide Home Loans, Inc., 545 F.3d 348, 354 (5th Cir. 2008) (explaining that the automatic stay “merely suspends an action to collect the claim outside the procedural mechanisms of the Bankruptcy Code”). The automatic stay helps channel debt collection activity into the bankruptcy process. It does not strip such activity of its debt collection nature for purposes of the FDCPA.
Finally, Atlas argues that filing a proof of claim is not an attempt to collect debt because the proof of claim is directed to the bankruptcy court and trustee rather than to the debtor. However, collection activity directed toward someone other than the debtor may still be actionable under the FDCPA. See, e.g., Sayyed v. Wolpoff & Abramson, 485 F.3d 226, 232-33 (4th Cir. 2007) (finding that FDCPA “plainly” applies to communications made by debt collector to debtor’s counsel rather than debtor); Horkey v. J.V.D.B. & Assocs., Inc., 333 F.3d 769, 774 (7th Cir. 2003) (finding that debt collector’s phone call to debtor’s co-worker was “in connection with the collection of a debt” where purpose of the call was to induce debtor to settle her debt). Although a proof of claim is filed with the bankruptcy court, it is done with the purpose of obtaining payment from the debtor’s estate. That the claim is paid by the debtor’s estate rather than the debtor personally is irrelevant for purposes of the FDCPA. See 15 U.S.C. §§ 1692e, 1692f (prohibiting the use of deceptive or unfair means to collect “any debt,” without specifying a payor).
Accordingly, we find that filing a proof of claim is debt collection activity regulated by the FDCPA.
IV.
We next consider whether filing a proof of claim based on a debt that is beyond the applicable statute of limitations violates the FDCPA. Deciding this issue requires closer examination of the claims process in bankruptcy.
The Federal Rules of Bankruptcy Procedure specify the form, content, and filing requirements for a valid proof of claim. See, e.g., Fed. R. Bankr. P. 3001. A properly filed proof of claim is prima facie evidence of the claim’s validity, and the claim is “deemed allowed” unless “a party in interest” objects. 11 U.S.C. § 502. The bankruptcy trustee and debtor are parties in interest who may object.[4] Indeed, the trustee has a statutory duty to “examine *529 proofs of claims and object to the allowance of any claim that is improper.” Id. § 704(a)(5).
If objected to, the Code disallows claims based on time-barred debts. See id. § 502(b)(1) (stating that a claim shall be disallowed if it is “unenforceable against the debtor ... under any agreement or applicable law”); id. § 558 (stating that the bankruptcy estate has “the benefit of any defense available to the debtor ... including statutes of limitation”). As previously noted, debts that are “provided for by the plan or disallowed under section 502” may be discharged. Id. § 1328 (emphasis added).
Appellants contend that the FDCPA should be applied to prohibit debt collectors from filing proofs of claim on time-barred debts. Appellants argue that a time-barred debt is not a “claim” within the meaning of the Bankruptcy Code and that filing claims on time-barred debts is an abusive practice because such claims are seldom objected to and therefore receive payment from the bankruptcy estate to the detriment of the debtor and other creditors. Atlas, meanwhile, argues that a time-barred debt is a valid “claim” and that filing such a claim should not be prohibited because only debts that are treated in the bankruptcy system may be discharged.
A.
The Bankruptcy Code defines the term “claim” broadly to mean a “right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured.” 11 U.S.C. § 101(5)(A). By using the “broadest possible definition,” the Code “contemplates that all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the. bankruptcy case,” thereby providing the debtor the “broadest possible relief.” H.R. Rep. No. 95-595, p. 309 (1977); S. Rep. No. 95-989, p. 22 (1978).
“[W]hen the Bankruptcy Code uses the word claim ... it is usually referring to a right to payment recognized under state law.” Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 451, 127 S.Ct. 1199, 167 L.Ed.2d 178 (2007) (quotation omitted). Under Maryland law, the statute of limitations “does not operate to extinguish [a] debt, but to bar the remedy.” Potterton v. Ryland Grp., Inc., 289 Md. 371, 424 A.2d 761, 764 (1981) (quotation omitted); see also Higginbotham v. Pub. Serv. Comm’n of Md., 412 Md. 112, 985 A.2d 1183, 1191 (2009) (“[W]e have regarded limitations as not denying the plaintiffs right of action, but only the exercise of the right.” (quotation omitted)). Indeed, a stale debt may be revived if the debtor sufficiently acknowledges the debt’s existence. Potterton, 424 A.2d at 764; see also FTC, Time-Barred Debts (July 2013), https://www.consumer.ftc.gov/articles/0117-time-barred-debts (“Although the [debt] collector may not sue you to collect [a time-barred] debt, you still owe it. The collector can continue to contact you to try to collect.... [and] [i]n some states, if you pay any amount on a time-barred debt or even promise to pay, the debt is ‘revived.’”) (saved as ECF opinion attachment). Thus, under Maryland law, a time-barred debt still constitutes a “right to payment” and therefore a “claim” that the holder may file under the Bankruptcy Code.[5]
*530 Appellants note that a debt must be enforceable to constitute a claim, citing the Supreme Court’s statement that “[t]he plain meaning of a ‘right to payment’ is nothing more nor less than an enforceable obligation.” Pa. Dep’t of Pub. Welfare v. Davenport, 495 U.S. 552, 559, 110 S.Ct. 2126, 109 L.Ed.2d 588 (1990). However, we do not read the Supreme Court’s statement to mean that a debt must be enforceable in court to be a claim. Indeed, the Bankruptcy Code treats debts that are “contingent” or “unmatured” as claims notwithstanding that such debts are not presently enforceable in court. 11 U.S.C. § 101(5)(A). Furthermore, in Davenport, the Supreme Court found restitution orders to be claims even though “neither the Probation Department nor the victim can enforce restitution obligations in civil proceedings.” 495 U.S. at 558, 110 S.Ct. 2126. Instead, such obligations are enforced by the “substantial threat of revocation of probation and incarceration.” Id.
It is also notable that while the Bankruptcy Code provides that time-barred debts are to be disallowed, see, e.g., 11 U.S.C § 558, the Code nowhere suggests that such debts are not to be filed in the first place. Indeed, the Bankruptcy Rules were recently amended to facilitate the assessment of a claim’s timeliness by requiring that claims such as the ones at issue in this appeal be filed with a statement setting forth the last transaction date, last payment date, and charge-off date on the account. Fed. R. Bankr. P. 3001, advisory committee notes to 2012 Amendments (discussing filing requirements for claims based on open-end or revolving consumer credit agreements). This Rule suggests the Code contemplates that untimely debts will be filed as claims but ultimately disallowed. Lastly, excluding time-barred debts from the scope of bankruptcy “claims,” and thus excluding them from the bankruptcy process, would frustrate the Code’s “intended effect to define the scope of the term ‘claim’ as broadly as possible,” 2-101 Collier ¶ 101.05, and thereby provide the debtor the broadest possible relief. Accordingly, we conclude that when the statute of limitations does not extinguish debts, a time-barred debt falls within the Bankruptcy Code’s broad definition of a claim.
B.
Next, we consider whether filing a proof of claim on a time-barred debt violates the FDCPA notwithstanding that the Bankruptcy Code permits such filing. As noted above, the FDCPA has been interpreted to prohibit filing a lawsuit on a time-barred debt. The rationale has been explained as follows:
As with any defendant sued on a stale claim, the passage of time not only dulls the consumer’s memory of the circumstances and validity of the debt, but heightens the probability that she will no longer have personal records detailing the status of the debt. Indeed, the unfairness of such conduct is particularly clear in the consumer context where courts have imposed a heightened standard of care — that sufficient to protect the least sophisticated consumer. Because few unsophisticated consumers would be aware that a statute of limitations could be used to defend against lawsuits based on stale debts, such consumers would unwittingly acquiesce to such lawsuits. And, even if the consumer realizes that she can use time as a defense, she will more than likely still give in rather than fight the lawsuit because *531 she must still expend energy and resources and subject herself to the embarrassment of going into court to present the defense; this is particularly true in light of the costs of attorneys today.
Kimber v. Fed. Fin. Corp., 668 F.Supp. 1480, 1487 (M.D. Ala. 1987); see also Crawford, 758 F.3d at 1260; Phillips v. Asset Acceptance, LLC, 736 F.3d 1076, 1079 (7th Cir. 2013).[6]
We note at the outset a unique consideration in the bankruptcy context: if a bankruptcy proceeds as contemplated by the Code, a claim based on a time-barred debt will be objected to by the trustee, disallowed, and ultimately discharged, thereby stopping the creditor from engaging in any further collection activity.[7] If the debt is unscheduled and no proof of claim is filed, the debt continues to exist and the debt collector may lawfully pursue collection activity apart from filing a lawsuit. This is detrimental to the debtor and undermines the bankruptcy system’s interest in “the collective treatment of all of a debtor’s creditors at one time.” 1 Norton Bankr. L. & Prac. 3d § 3:9. Clearly, then, when a time-barred debt is not scheduled the optimal scenario is for a claim to be filed and for the Bankruptcy Code to operate as written.
Appellants complain, however, that trustees often lack the time and resources to examine each proof of claim and object to those that are based on time-barred debts. See Appellants’ Br. 17-18 (explaining that Maryland has only three Chapter 13 trustees to manage approximately 5,000 cases per year, with .approximately 10 proofs of claim filed in each case). Debt collectors like Atlas purportedly take advantage of this by filing claims on stale debts in hopes that the claims will go unnoticed and receive some payment from the bankruptcy estate. When successful, these debt collectors reduce the amount of money available to legitimate creditors and may sometimes cause debtors to pay more into their Chapter 13 plans.
We appreciate the harm that can be wrought if time-barred claims go unnoticed. However the solution, in our view, is not to impose liability under the FDCPA that would categorically bar the filing of such claims, but to improve the Code’s administration such that it operates as written.[8] This may be accomplished, for example, by allocating additional resources to trustees or through action of the United States Trustee, who appoints and supervises all Chapter 13 trustees. 28 U.S.C. § 586.
Another consideration that counsels against finding FDCPA liability is that, for *532 most Chapter 13 debtors, the amount they pay into their bankruptcy plans is unaffected by the number of unsecured claims that are filed. Chapter 13 debtors typically do not enter into 100 percent repayment plans; thus, their unsecured creditors receive only partial payment of their claims, with the remainder being discharged. See 8-1328 Collier ¶ 1328.02 (“Congress clearly contemplated chapter 13 plans paying little or nothing on unsecured debts.... ”). As additional claims are filed, unsecured creditors receive a smaller share of available funds but the total amount paid by the debtor remains unchanged. Thus, from the perspective of most Chapter 13 debtors, it may in fact be preferable for a time-barred claim to be filed even if it is not objected to, as the debtor will likely pay the same total amount to creditors and the debt can be discharged. See In re Gatewood, 533 B.R. 905, 909 (8th Cir. BAP 2015) (explaining that “debtors have less at stake in claims allowance than they would when facing enforcement of an adverse- judgment in a collection action” because the allowance of additional claims would not affect the total amount the debtor would pay).[9]
Various other considerations also differentiate filing a proof of claim on a time-barred debt from filing a lawsuit to collect such debt. First, the Bankruptcy Rules require claims like the ones filed by Atlas to accurately state the last transaction and charge-off date on the account, making untimely claims easier to detect and relieving debtors from the burden of producing evidence to show that the claim is time-barred.[10] Second, a bankruptcy debtor is protected by a trustee and often by counsel who are responsible for objecting to improper claims even if, as Appellants argue, they currently do not always do so. Third, unlike a debtor who is unwillingly sued, a Chapter 13 debtor voluntarily initiates the bankruptcy case, diminishing concerns about the embarrassment the debtor may feel in objecting to a stale claim. In sum, the reasons why it is “unfair” and “misleading” to sue on a time-barred debt are considerably diminished in the bankruptcy context, where the debtor has additional protections and potentially benefits from having the debt treated in the bankruptcy process.
Lastly, Appellants concede that a debt collector would not violate the FDCPA by filing a proof of claim on a time-barred debt that the debtor had scheduled and did not designate as “disputed.” Appellants explain that scheduling a debt as undisputed is an “invitation to participate” because it provides “ ‘notice to a creditor that its debt will be paid ... in accordance with the filed proof of claim, claims objection process, and other bankruptcy provisions.’ ” Appellants’ Br. 28 n.14 (quoting Vaughn, 536 B.R. at 678). However, such notice is sent whether a scheduled debt is disputed or not. Moreover, a time-barred debt that is disputed is less likely to be inadvertently allowed. Thus, we see no reason to attach FDCPA liability to a claim filed on a time-barred debt that is scheduled as disputed. Finally, the interests in discharge and collective treatment of claims discussed above convince us that FDCPA liability should *533 not attach where a debtor fails to schedule a time-barred debt.
We conclude that filing a proof of claim in a Chapter 13 bankruptcy based on a debt that is time-barred does not violate the FDCPA when the statute of limitations does not extinguish the debt.[11]
V.
For the foregoing reasons, we affirm the district court’s dismissal of Appellants’ FDCPA and MCDCA claims.
AFFIRMED

. "A proof of claim is a form filed by a creditor in a bankruptcy proceeding that states the amount the debtor owes to the creditor and the reason for the debt.” Covert v. LVNV Funding, LLC, 779 F.3d 242, 244 n.1 (4th Cir. 2015).

. Atlas asks the Court to strike any allegation that the loans in this appeal originated with payday lenders. However, the proofs of claim attached to Appellants' complaints indicate . that Atlas itself designated the debts "payday.” See J.A. 55, 140. Accordingly, we find this fact sufficiently alleged. See Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 164-65 (4th Cir.2016) (explaining that on motion to dismiss, courts may consider documents attached to complaint as exhibits).

.Dubois additionally alleged that Atlas violated the Maryland Consumer Debt Collection Act (MCDCA). Md. Code Ann., Com. Law § 14-201, et seq. The parties do not analyze *526 the MCDCA separately from the FDCPA. Accordingly, neither do we.

. While the parties do not address the issue, it appears that creditors are also parties in interest who may object to a claim filed by another creditor. See, e.g., Adair v. Sherman, 230 F.3d 890, 894 n.3 (7th Cir. 2000) (“Parties in interest include not only the debtor, but anyone who has a legally protected interest that could be affected by a bankruptcy proceeding. Therefore, if one creditor files a potentially fraudulent proof of claim, other creditors have standing to object to the proof of claim.” (citation omitted)); In re Varat Enters., Inc., 81 F.3d 1310, 1317 n.8 (4th Cir. 1996) ("All creditors of a debtor are parties in interest.”).

. Appellants suggest that "by filing proofs of claim on time-barred debt, Atlas is trying to trick debtors into unwittingly reviving the statute [of limitations].’’ Appellants’ Reply Br. 4. Regardless of whether this is Atlas's intent, it is difficult to see how a creditor's filing a proof of claim would constitute acknowledgement of the debt by the debtor, particularly *530 when there is persuasive authority that a debtor does not revive a time-barred debt by listing it in his bankruptcy schedules. See, e.g., Biggs v. Mays, 125 F.2d 693, 697-98 (8th Cir. 1942); In re Povill, 105 F.2d 157, 160 (2d Cir. 1939).

.The Eleventh Circuit in Crawford is the only court of appeals to hold that filing a proof of claim on a time-barred debt in a Chapter 13 proceeding violates the FDCPA. 758 F.3d at 1256-57. The Eighth Circuit has "rejected] extending the FDCPA to time-barred proofs of claim,” Nelson v. Midland Credit Mgmt., Inc., No. 15-2984, 828 F.3d 749, 752, 2016 WL 3672073, at *2 (8th Cir. July 11, 2016), and the Second Circuit has broadly held that "filing a proof of claim in bankruptcy court (even one that is somehow invalid) cannot constitute the sort of abusive debt collection practice proscribed by the FDCPA.” Simmons v. Roundup Funding, LLC, 622 F.3d 93, 95 (2d Cir. 2010). Other circuits are presently considering the issue. See, e.g., Owens v. LVNV Funding, LLC, No 14-cv-02083, 2015 WL 1826005 (S.D. Ind. Apr. 21, 2015), appeal docketed, No. 15-2044 (7th Cir. May 13, 2015); Torres v. Asset Acceptance, LLC, 96 F.Supp.3d 541 (E.D. Pa. 2015), appeal docketed, No. 15-2132 (3d Cir. May 13, 2015).

. By contrast, raising a statute of limitations defense may defeat a lawsuit to collect a time-barred debt but would not extinguish the debt or necessarily prevent collection activity.

. Indeed, if Appellants are correct that trustees are failing to fulfill their statutory duty to examine and object to improper claims, this is surely producing adverse consequences beyond the context of time-barred debts.

. As noted above, the FDCPA was enacted in part to protect scrupulous debt collectors from unfair competition. However, bankruptcy creditors are sophisticated entities that may object to improper claims. Thus, we will not invoke the FDCPA solely on their behalf when, as discussed above, there are reasons not to do so on behalf of bankruptcy debtors.

. There is no allegation that Atlas filed inaccurate proofs of claim. A debt collector who supplies false dates to obscure a claim’s staleness may well violate the FDCPA. However, we have no occasion to consider that issue today.

. In light of this decision, we do not reach Atlas’s argument that the Bankruptcy Code precludes the FDCPA and preempts the MCDCA from applying to the filing of a proof of claim.