NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 15a0562n.06

No. 14-1543

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| IAN WALKER, On Behalf of Himself and All Others Similarly Situated | ) ) ) | **FILED**<br>Aug 10, 2015<br>DEBORAH S. HUNT, Clerk |
| **Plaintiff-Appellant,** | ) ) |  |
| v. | ) ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| SHERMETA, ADAMS, VON ALLMEN, PC; TRICIA N. MCKINNON; KYLE J. VON ALLMEN; GRUCA P. TERRI | ) ) ) ) ) | **O P I N I O N** |
| **Defendants-Appellees.** | ) ) |  |

BEFORE: NORRIS, MOORE, and GIBBONS, Circuit Judges.

**ALAN E. NORRIS, Circuit Judge.** Plaintiff appeals the dismissal of his class action suit against the law firm of Shermeta, Adams & Von Allmen P.C., its shareholders, and certain attorneys of the firm. Plaintiff maintains that Defendants' debt collection letters violate the Fair Debt Collection Practices Act ("FDCPA") and Michigan's analogous state statute. The district court dismissed Plaintiff's suit for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, we **affirm** the district court's judgment on the pleadings in favor of Defendants. However, we **remand** to the district court to allow Plaintiff to seek leave to amend his deficient complaint.

**I.**

In connection with its representation of National Collegiate Student Loan Trusts ("NCSLT"), Defendants sent a series of debt collection letters to Plaintiff for allegedly past-due student loans. Plaintiff attacked the letters on several grounds, but this appeal focuses on his claim that the collection letters were false, deceptive, and misleading, in violation of the FDCPA and the analogous Michigan Collection Practices Act.

The relevant part of the FDCPA provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

. . . .

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

. . . .

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

The paragraph in Defendants' letter that is the crux of the dispute states:

Please be informed that our above referenced client has requested that our firm contact you regarding the balance on your past due account. Because of interest and other charges that may accrue, the amount you owe may continue to increase daily. We request that you contact our office for the purposes of making arrangements for payment.

Plaintiff maintains that because Defendants did not have the legal right or intention to add interest or other charges, the letters as written were deceptive and threatening in order to create confusion and cause Plaintiff and other consumers to incorrectly believe they will benefit financially by immediately sending payment for the full amount demanded.

2

The district court dismissed the claim, holding that "[e]ven if Defendants cannot lawfully charge interest and other fees on behalf of NCSLT, the statement that interest and other fees *may* be charged is not (1) a threat; or (2) false and misleading."

**II.**

"We review de novo a dismissal of a case for failure to state a claim." *F.H. ex rel. Hall v. Memphis City Sch.*, 764 F.3d 638, 642 (6th Cir. 2014) (citing *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012)). "To survive a motion to dismiss, the plaintiff need only plead sufficient factual matter, which we must accept as true, to 'state a claim to relief that is plausible on its face' meaning that we can draw the reasonable inference that the defendant is liable for the misconduct alleged." *Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"Congress passed the FDCPA to address the widespread and serious national problem of debt collection abuse by unscrupulous debt collectors." *Id.* (citations omitted). "It is the purpose of [the FDCPA] to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

"To determine whether conduct fits within the broad scope of the FDCPA, the conduct is viewed through the eyes of the least sophisticated consumer. This standard recognizes that the FDCPA protects the gullible and the shrewd alike while simultaneously presuming a basic level of reasonableness and understanding on the part of the debtor, thus preventing liability for bizarre or idiosyncratic interpretations of debt collection notices." *Currier*, 762 F.3d at 533 (citations and quotation marks omitted). "The test is objective, and asks whether there is a

reasonable likelihood that an unsophisticated consumer who is willing to consider carefully the contents of a communication might yet be misled by them. Truth is not always a defense under this test, since sometimes even a true statement can be misleading." *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169, 172 (6th Cir. 2011) (citations omitted).

In addition, in applying this standard, we have also held that a statement must be *materially* false or misleading to violate Section 1692e. *See Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 596-97 (6th Cir. 2009) (applying a materiality standard to a Section 1692e claim). "The materiality standard simply means that in addition to being technically false, a statement would tend to mislead or confuse the reasonable unsophisticated consumer." *Wallace v. Wash. Mut. Bank, F.A.*, 683 F.3d 323, 326-27 (6th Cir. 2012).

Each party relies on contradictory persuasive authority that considered collection letter language similar to that found in Defendants' letters to support an outcome in its favor. Plaintiff relies heavily on an unpublished district court opinion, *Beauchamp v. Financial Recovery Services, Inc.*, No. 10 CIV. 4864 SAS, 2011 WL 891320 (S.D.N.Y. Mar. 14, 2011). In *Beauchamp*, the district court denied the defendant's motion to dismiss, reasoning that because the letter said additional charges *may* accrue, and the complaint averred that such charges *never* occur, the letter "may mislead the least sophisticated consumer" about the debt collection process. *Id.* at *2. The court rejected the defendant's assertion that the word "may" renders the statement accurate and therefore not misleading:

> FRS argues that because the Letter provides only that the outstanding balance "may" change, it is necessarily accurate, whatever FRS's ultimate debt collection practices. However, the least sophisticated consumer standard is not concerned with the literal accuracy of a statement, but rather, with the *impression* that it may reasonably leave upon a consumer. Here, a consumer reading the Letter could believe that FRS does, at times, add interest or other charges to the amounts it seeks to collect. If FRS never increases the amount owed beyond that stated in the Letter, as Beauchamp contends, then the consumer will in fact have

been misled. Because it is plausible, based on the Amended Complaint, that FRS's debt collection practices differ from the representations in the Letter, Beauchamp's allegations are sufficient to support her claims at this stage of the litigation.

*Id.* at *3.

Defendant relies upon a reported Seventh Circuit case, *Taylor v. Calvary Investment, L.L.C.*, 365 F.3d 572 (7th Cir. 2004). In *Taylor*, the collection letter stated that "if applicable, your account may have or will accrue interest at a rate specified in your contractual agreement with the original creditor." *Id.* at 574. Plaintiffs complained that the language was confusing because the creditor did not in practice add interest, but the court was not at all receptive: "The plaintiffs have an alternative claim that is downright frivolous—that the statement we quoted from the dunning letter is false, and so violated 15 U.S.C. § 1692e, because . . . the creditors did not add interest. The letter didn't say they would, only that they might." *Id.* at 575. In Judge Posner's opinion, the challenged language in the letter was a "clear statement of a truism." *Id.*

Analyzing Defendants' letter, the district court was persuaded by the *Taylor* reasoning, stating that even if Defendants cannot lawfully charge interest and other fees, the fact that the letters say that interest and charges "may" accrue is still accurate, and therefore Plaintiff's claim is frivolous.

The district court's bright-line application of *Taylor* and its characterization of Plaintiff's claim as frivolous is an oversimplification. *Grden* makes clear that in this circuit truth is not always a defense to an FDCPA claim, because even a technically true statement can be misleading. 643 F.3d at 172. We have repeatedly noted that Congress enacted the FDCPA to address what it found to be a widespread problem, and as a result the statute is extraordinarily broad. *See, e.g.*, *Bridge v. Ocwen Fed. Bank, FSB*, 681 F.3d 355, 362 (6th Cir. 2012).

The district court stated that, for the motion to dismiss, it accepted as true that Defendants' client, NCSLT, cannot lawfully charge interest. However, there was no such averment in the pleadings, and therefore no reason for the district court to accept that as a fact. Plaintiff did allege, and for our purposes it is a fact, that *Defendants* cannot lawfully charge additional interest. But, as Plaintiff noted in his Amended Complaint, Shermeta acts as a debt collector and, in that role, it "regularly collects or attempts to collect, directly or indirectly, *debts owed or due or asserted to be owed or due another*." Amend. Compl. ¶ 7 (emphasis added). Defendants' letter did not say Defendants would add interest or charges to the balance owed, only that such charges might accrue.

We accept, as we must, the allegation that Defendants in the role of debt collector cannot unilaterally add additional interest or other charges to Plaintiff's debt. However, Defendants likely also do not have authority to waive their client's (or future note holders') rights, if any, to add and collect interest or other charges in the future. Depending on the terms of the loan agreement, a statement that no additional interest or charges would ever accrue on Plaintiff's debt may have been improper and misleading. Nor would it have been a good option for Defendants to remain silent as to potential future interest and charges, because such silence has exposed debt collectors to liability under the FDCPA. *See, e.g.*, *Dragon v. I.C. Sys., Inc.*, 483 F. Supp. 2d 198, 202-03 (D. Conn. 2007) (finding FDCPA violation where a collection letter failed state that "the amount to pay the debt in full could vary . . . to reflect accrued interest and/or other fees and charges").

Contrary to the district court's statement, Plaintiff does not aver that interest and other charges could never accrue under the loan agreement, either as originally signed with Bank One N.A. or in the hands of subsequent transferees, such as Defendants' client NCSLT. At oral

argument before the district court, Defendants asserted that interest and charges could accrue under the note, but the note was never made part of the record.

Without this missing piece of the puzzle, Plaintiff's pleadings are deficient and dismissal under Fed. R. Civ. P. 12(b)(6) was proper. However, ordinarily "if the requisite allegations are not in the complaint and a motion to dismiss for failure to state a claim upon which relief may be granted is made under Rule 12(b)(6), the pleader should be given the opportunity to amend the complaint, if she can, to show the existence of the missing elements." 5 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice and Procedure* § 1216 (3d ed. 2015); *see also Hayden v. Paterson*, 594 F.3d 150, 169 (2d Cir. 2010) (remanding the case to the district court to allow plaintiffs to seek leave to amend their deficient complaint); *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (remanding a case to the district court when the factual allegations in the complaint are "missing some important element").

If additional charges or interest might one day accrue under Plaintiff's loan agreement, whether added by Defendants' client or subsequent holders of the note, then Defendants' letter is not threatening or misleading. Perhaps Defendants' letter should have provided more detail about the source of potential future interest and charges, or under what circumstances such charges might accrue. On balance, however, the letter tracks the FDCPA requirements for debt collection letters, and, under these facts, stating that additional interest or charges "may" accrue is not technically false, nor does it render the letter threatening or materially misleading.

However, if Plaintiff can show that interest or charges could never accrue and therefore the balance owed is truly fixed, then his claim should be allowed to go forward to determine if, under those circumstances, Defendants' letter was threatening or materially misleading.

The requirements of a successful claim under the Michigan Collection Practices Act mirror the FDCPA, and therefore that claim suffers from the same flaws, and possible saving amendment, described above.

### III.

For the reasons stated above, we **affirm** the judgment of the district court but **remand** with instructions to allow Plaintiff to seek leave to amend his complaint.