Bruce RANDALL, et al., Appellants,

v.

William D. PAUL, Respondent.

A16-1734

Court of Appeals of Minnesota.

Filed June 19, 2017

Thomas M. Skare, Thos. Skare Law Office, S.C., Cloquet, Minnesota (for appellants).

William D. Paul, William Paul Law Office, Duluth, Minnesota (pro se respondent).

Considered and decided by Rodenberg, Presiding Judge; Jesson, Judge; and Klaphake, Judge.*

## OPINION

KLAPHAKE, Judge

Appellants challenge the district court's grant of summary judgment to respondent on their FDCPA claims, arguing that the district court erred in determining that the FDCPA did not apply when respondent-attorney, who was engaged in the business of debt collection, served appellants with two mechanic's lien statements. Because respondent was not immune from the FDCPA by reason of complying with the mechanic's lien statute, and genuine fact questions exist regarding whether respondent's communications with appellants were made "in connection with the collection of a debt," we reverse the entry of summary judgment in favor of respondent and remand to the district court for addi-

tional proceedings consistent with this opinion.

## FACTS

Appellants Bruce and Kathy Randall hired Northstar Design and Build, Inc. (Northstar) to complete a home improvement project during the summer of 2014. On September 26, 2014, respondent William Paul, counsel for Northstar, served the Randalls via certified mail with a copy of a mechanic's lien statement and a letter, which said, "please find [enclosed] a copy of the Mechanics Lien Statement which is going to be recorded in the immediate future." Among other things, the lien statement provided that Northstar intended "to claim and hold a lien upon" the Randalls' land for the home improvement work in the amount of $9,901.75, which was "due and owing." On October 2, 2014, Paul recorded the lien statement.

On October 6, 2014, Paul served the Randalls via certified mail with a second copy of the mechanic's lien statement. For purposes of summary judgment, the parties appear to agree that the second copy of the lien statement was the same as the first copy, except it included an attachment providing a legal description of the Randalls' property. Paul explained in an accompanying letter to the Randalls that he realized after serving the first copy that he had failed to include the attachment, he was serving "a conformed copy" of the lien statement, and he had recorded the lien statement.

Over one year later, on October 15, 2015, the Randalls sued Paul for damages under the FDCPA, claiming that Paul failed to provide what the parties call a "mini-*Miranda*" warning advising them that he was a debt collector and that anything they

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

said could be used in a debt collection action. The complaint also alleged that Paul failed to send the Randalls a validation notice verifying the amount owed and providing the procedures they could follow if they disputed the debt.

Paul moved for summary judgment, arguing that the letters and service of the mechanic's lien statements were not subject to the FDCPA because they were not "communications" regarding a debt collection action, and he was complying with the requirements under Minn. Stat. § 514.08 to perfect the lien. The district court granted Paul's summary judgment motion and dismissed the complaint, concluding that the Randalls were not entitled to relief as a matter of law because Paul's communications with them did "not trigger the protections afforded by the FDCPA." The Randalls appeal.

### ISSUE

Did the district court err in granting Paul summary judgment based on its determination that Paul's service of two mechanic's lien statements was not, as a matter of law, a "communication" under the FDCPA?

### ANALYSIS

This court reviews the interpretation of state and federal statutes de novo. *Eischen Cabinet Co. v. Hildebrandt*, 683 N.W.2d 813, 815 (Minn. 2004) (state statute); *Citizens for a Balanced City v. Plymouth Congregational Church*, 672 N.W.2d 13, 19 (Minn. App. 2003) (federal statute). This court also analyzes a district court's summary judgment decision de novo, assessing "whether the district court properly applied the law and whether there are genuine issues of material fact that preclude summary judgment." *Riverview Muir Doran, LLC v. JADT Dev. Grp., LLC*, 790 N.W.2d 167, 170 (Minn. 2010). On a motion for summary judgment, "[j]udgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that either party is entitled to a judgment as a matter of law." Minn. R. Civ. P. 56.03. Evidence is viewed "in the light most favorable to the nonmoving party" and all doubts are resolved against the moving party. *Rochester City Lines, Co. v. City of Rochester*, 868 N.W.2d 655, 661 (Minn. 2015). Summary judgment "is inappropriate when reasonable persons might draw different conclusions from the evidence presented." *Osborne v. Twin Town Bowl, Inc.*, 749 N.W.2d 367, 371 (Minn. 2008) (quotation omitted).

Enacted with the purpose of eliminating "abusive debt collection practices," the FDCPA "imposes civil liability on debt collectors for certain prohibited" conduct. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 576–77, 130 S.Ct. 1605, 1608, 176 L.Ed.2d 519 (2010) (quotation omitted); *see also* 15 U.S.C. § 1692(e) (2016) (FDCPA purpose statement). Accordingly, courts liberally construe the FDCPA to achieve its broad remedial purpose. *Hart v. FCI Lender Servs., Inc.*, 797 F.3d 219, 225 (2d Cir. 2015); *Picht v. Hawks*, 77 F.Supp.2d 1041, 1043 (D. Minn. 1999), *aff'd*, 236 F.3d 446 (8th Cir. 2001). A plaintiff may sue a debt collector for FDCPA violations in federal or state court and recover actual damages, statutory damages, attorney fees, and costs. 15 U.S.C. § 1692k(a), (d) (2016); *McIvor*, 773 F.3d at 913. Debt collectors are strictly liable under the FDCPA. *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1119 (9th Cir. 2014).

Two FDCPA provisions are relevant here. First, section 1692e prohibits debt collectors from using "any false, deceptive,

or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e (2016). One way a debt collector violates section 1692e is by failing to disclose in an initial written or oral communication with a debtor "that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." *Id.,* § 1692e(11). This disclosure is sometimes referred to as a "mini-*Miranda*" warning. *Garfield v. Ocwen Loan Servicing, LLC,* 811 F.3d 86, 92–93 (2d Cir. 2016). Also, within five days of an initial communication made "in connection with the collection of any debt," a debt collector must send the debtor a validation notice, informing the debtor of the amount of debt owed, "the creditor to whom the debt is owed," and the timeframe within which the debtor may dispute the debt. 15 U.S.C. § 1692g(a)(1)–(2) (2016). Minnesota has statutorily adopted these FDCPA requirements for debt collection activities occurring in Minnesota. Minn. Stat. § 332.37(12) (2016).

For purposes of summary judgment, it is undisputed that the mechanic's lien involved a disputed debt between the Randalls and Northstar, and Paul did not include mini-*Miranda* warnings in the service letters or lien statements or send the Randalls a validation notice. Also, Paul does not contest that, when he served the mechanic's lien statements, he was acting as a "debt collector," as that term is defined under the FDCPA. *See* 15 U.S.C. § 1692a(6) (defining "debt collector"); *see also generally Hemmingsen v. Messerli & Kramer, P.A.,* 674 F.3d 814, 817–18 (8th Cir. 2012) (discussing attorneys as debt

collectors under the FDCPA).[1] Thus, the sole issue on appeal is whether there are genuine issues of material fact that Paul's service of two mechanic's lien statements in September and October 2014 were "communications" "made in connection with the collection" of a debt under the FDCPA.

The Randalls contend that Paul's two communications triggered FDCPA protections because they were "associated with the collection of a debt," and fact questions exist that preclude summary judgment. Paul responds that his service of the lien statements was not an attempt to collect the debt, but rather was a necessary step under Minnesota law to perfect the lien. In granting Paul's summary judgment motion, the district court determined that Paul's communications with the Randalls were not subject to the FDCPA as a matter of law because Paul merely notified the Randalls "of the legal status of the case," the service letters "included no demand for payment or a threat if payment was not received, and were not an attempt to get immediate payment," and Paul was "not actively seeking to collect a debt on behalf of his client."

## I.

We begin our analysis by addressing Paul's claim that he was not subject to the FDCPA when he served the lien statements because he was "merely following" Minnesota mechanic's lien law. Under Minnesota law, when a person contributes to the improvement of another's land, a mechanic's lien against the landowner attaches automatically "upon commence-

---

1. Specifically, the FDCPA defines a "debt collector" as someone "who uses any instrumentality of interstate commerce or the mails in *any business the principal purpose* of which is the collection of any debts, or who *regularly* collects or attempts to collect, directly or indi-

rectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphasis added). There is also no indication that Northstar, the creditor, was a "debt collector" under the Act.

ment" of the work. Minn. Stat. §§ 514.01, .05, subd. 1 (2016). But in order to perfect the lien, the lienholder must record the lien statement and serve a copy of the statement on the landowner within 120 days of completing the work; failure to comply "defeats the lien." Minn. Stat. § 514.08, subd. 1; *David-Thomas Cos. v. Voss*, 517 N.W.2d 341, 343 (Minn. App. 1994). The Randalls maintain that a lienholder is not immune from the FDCPA solely by virtue of complying with Minn. Stat. § 514.08. We agree.

All that is required to trigger FDCPA initial notice requirements is a debt collector's oral or written communication with a debtor made in connection with a debt collection. 15 U.S.C. §§ 1692e(11), 1692g(a). The fact that such a communication is also mandated by state law does not affect the FDCPA's applicability. In other words, the FDCPA and the Minnesota mechanic's lien statute are not mutually exclusive, and a debt collector may be required to comply with both laws. *See* 15 U.S.C. § 1692n (2016) (preempting "the laws of any State with respect to debt collection practices" that "are *inconsistent* with any provision of" the FDCPA (emphasis added)); *see also Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 613, 99 S.Ct. 1905, 1913–14, 60 L.Ed.2d 508 (1979) (stating that "federal rights" created by statute "are 'secured' by the Supremacy Clause," therefore, state law may not preempt federal law).

Minnesota has not addressed this precise issue, so we rely on persuasive authority from other jurisdictions, which have held that a debt collector may be subject to state statutory *and* FDCPA requirements and have rejected similar arguments that compliance with state law precludes FDCPA liability. *Romea v. Heiberger & Assocs.*, 163 F.3d 111, 116 (2d Cir. 1998) (holding that although landlord's

notice to tenant of unpaid back rent was "a statutory condition precedent to commencing a summary eviction proceeding ... this does not mean that the notice is mutually exclusive with debt collection."); *Tocco v. Real Time Resolutions, Inc.*, 48 F.Supp.3d 535, 540 (S.D.N.Y. 2014) ("The fact that a letter may have been a required informational notice under a separate statute does not prevent it from being an initial communication 'in connection with the collection of [a] debt' under the FDCPA."); *Albanese v. Portnoff Law Assocs., Ltd.*, 301 F.Supp.2d 389, 396–97 (E.D. Pa. 2004) ("The fact that these letters may have been mandated by state law" is "irrelevant."); *see also In re Martinez*, 311 F.3d 1272, 1272 (11th Cir. 2002) (affirming district court order, which rejected debt collector's argument that it was not subject to the FDCPA because it complied with state law in serving foreclosure summons "package"), *aff'g* 271 B.R. 696 (S.D. Fla. 2001).

For example, in *Piper v. Portnoff Law Assocs., Ltd.*, the law firm-debt collector argued "that its practices cannot be found to be covered by the FDCPA because all it ever tried to do was enforce a lien in the manner dictated by" state statute. 396 F.3d 227, 234 (3d Cir. 2005). The U.S. Third Circuit Court of Appeals rejected the law firm's defense, concluding that the fact that state statute "provided a lien to secure the Pipers' debt does not change its character as a debt or turn [the law firm's] communications to the Pipers into something other than an effort to collect that debt." *Id.*

Similarly, in *Heller v. Graf*, the defendant-attorney served the plaintiff with a notice of intent to file a mechanic's lien under state law. 488 F.Supp.2d 686, 688–89 (N.D. Ill. 2007). The Northern District of Illinois rejected the defendant's argument that the notice was not subject to the

FDCPA because it "was a prerequisite to the perfection of a mechanic's lien under Illinois law," and concluded that the lien notice was a "communication" under the FDCPA as a matter of law. *Id.* at 693–95.[2]

■ Relying on this persuasive authority, and keeping in mind the FDCPA's broad remedial purpose, we conclude that a debt collector is not immune from FDCPA liability by virtue of complying with a state statute. Therefore, Paul was not immune from the FDCPA solely by reason of complying with Minn. Stat. § 514.08.

## II.

■ Next, we analyze whether a genuine issue of material fact exists regarding whether Paul's service of the mechanic's lien statements was a communication made in connection with a debt collection. We begin our analysis with the FDCPA's definition of a "communication," "the conveying of information regarding a debt directly or indirectly to any person through any medium," and conclude that Paul's service of the mechanic's lien statements meets this "broad" definition because the lien statements and accompanying service letters conveyed information "regarding" the debt that the Randalls allegedly owed Northstar. 15 U.S.C. § 1692a(2); *Caceres v. McCalla Raymer, LLC*, 755 F.3d 1299, 1302 (11th Cir. 2014); *see generally Romea*, 163 F.3d at 116 (holding landlord's pre-lawsuit notice to tenant of unpaid back rent, as required by state law, was an FDCPA "communication"); *Heller*, 488 F.Supp.2d at 694 (pre-lien notice required

by state law and accompanying service letter were FDCPA communications because they "certainly conveyed information about the plaintiffs' alleged debt").

But a debt collector's communication to a debtor triggers FDCPA initial notice requirements only if it is made "in connection with the collection" of a debt. 15 U.S.C. §§ 1692e, 1692g(a). The FDCPA does not define when a communication is made "in connection with the collection of any debt," and Minnesota has not interpreted this phrase. Accordingly, we turn to persuasive federal caselaw. *See Citizens for a Balanced City*, 672 N.W.2d at 20 (stating that federal caselaw is persuasive authority and "should be afforded due deference"); *Sonenstahl v. L.E.L.S., Inc.*, 372 N.W.2d 1, 4 (Minn. App. 1985) ("[F]ederal decisions may be persuasive where the Minnesota courts have not addressed a subject.").

■ The U.S. Eighth Circuit Court of Appeals has adopted what we will call the "animating purpose" test, which provides that "for a communication to be in connection with the collection of a debt, an animating purpose of the communication must be to induce payment by the debtor." *McIvor*, 773 F.3d at 914 (adopting test announced in *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169 (6th Cir. 2011)). Several other federal circuit courts have adopted similar tests, with minor differences in phrasing, all of which focus on the underlying purpose or aim of a communication. *McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240, 245 (3d Cir.

---

**2.** Paul cites the portion of *Heller* discussing *Kong-Quee v. Lien Filers Etc. LLC*, an unpublished federal district court decision. 488 F.Supp.2d at 694. *Kong-Quee* "held that the filing of a lien and the corresponding notice to the property are merely mandatory steps that must be taken before the lien can be enforced and therefore do not constitute an

'initial communication.'" *Id.* at 695. *Kong-Quee* is unpersuasive because it is nonbinding authority, and *Heller* rejected *Kong-Quee*'s reasoning. *Id.*; *see Camreta v. Greene*, 563 U.S. 692, 709 n.7, 131 S.Ct. 2020, 2033 n.7, 179 L.Ed.2d 1118 (2011) (noting that federal district court decisions are nonbinding).

2014); *Caceres*, 755 F.3d at 1302; *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 385 (7th Cir. 2010); *Romea*, 163 F.3d at 116. Because the weight of persuasive authority supports the Eighth Circuit's animating purpose test, we now adopt that test for analyzing when a communication is made "in connection with the collection" of a debt.

■ A communication that explicitly demands payment of a debt generally meets the animating purpose test, but an explicit demand is not required. *McIvor*, 773 F.3d at 914; *Grden*, 643 F.3d at 173; *Gburek*, 614 F.3d at 385. Courts have held that implicit demands for payment are sufficient based on the context in which the communication is made. *E.g.*, *Caceres*, 755 F.3d at 1303 & n.2; *McLaughlin*, 756 F.3d at 245–46. "[A] letter that is not itself a collection attempt, but that aims to make such an attempt more likely to succeed," satisfies the animating purpose test. *Grden*, 643 F.3d at 173.

■ Whether a communication has the requisite connection with a debt collection activity is an objective, "commonsense inquiry" and is generally a fact question reserved for a fact finder. *Gburek*, 614 F.3d at 385–86; *see also Hart v. FCI Lender Servs., Inc.*, 797 F.3d 219, 225 (2d Cir. 2015) (noting that communication must be viewed "objectively"). But summary judgment may be appropriate if, based on the undisputed facts and viewing the evidence in the light most favorable to the nonmoving party, a reasonable fact-finder could only find in favor of one party. *See Grden*, 643 F.3d at 173 (affirming summary judgment in favor of defendant because "a reasonable jury could not find that an animating purpose of the statements was to induce payment").

■ In granting Paul's summary judgment motion, the district court noted that Paul did not explicitly demand payment or threaten consequences for non-payment in either his service letters or the mechanic's lien statements. We also note that Paul did not provide a deadline for payment in his communications. But the district court erred by failing to view the evidence in the light most favorable to the Randalls. For instance, a reasonable fact-finder could conclude that Paul's animating purpose in sending the lien statements was to induce payment because the statements expressly provided that "[t]he amount for the lien claimed is $9,901.75, and is *due and owing to the lien claimant* for labor performed and material furnished to the land." (Emphasis added.) The statements also identified Northstar as the lienholder and provided Northstar's mailing address. Additionally, Paul served the lien statement twice, although the mechanic's lien statute only requires the lienholder to serve the lien statement once. Minn. Stat. § 514.08, subd. 1.

Viewing the evidence in the light most favorable to the Randalls, we conclude that there is a genuine issue of material fact on whether the "animating purpose" of Paul's communications was to induce payment. Accordingly, the district court erred in granting summary judgment to Paul.

## DECISION

Because respondent-attorney, who was engaged in the business of debt collection under the FDCPA, was not immune from the FDCPA's notice requirements by reason of complying with the Minnesota Mechanic's Lien statute, and there is a genuine issue of material fact whether respondent's service of two mechanic's lien statements on appellants was "made

in connection with the collection of any debt," the district court erred in concluding that respondent had not, as a matter of law, violated the FDCPA. Therefore, we reverse the entry of summary judgment in favor of respondent, and remand to the district court for additional proceedings consistent with this opinion.

**Reversed and remanded.**